**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROBERT LEE ROBINSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 02-CV-0278-CVE-SAJ |
| | ) |
| LENORA JORDAN, Warden, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is *pro se* Petitioner's 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1), as amended (Dkt. # 9). Respondent filed a response to the petition (Dkt. # 7) and a supplemental response to the amended claims (Dkt. # 11). Respondent also provided the state court record necessary for adjudication of Petitioner's claims (Dkt. # 8). Petitioner filed a reply (Dkt. # 13) to Respondent's responses. For the reasons stated below, the Court finds the petition should be denied.

*BACKGROUND*

On December 21, 1997, Petitioner Robert Lee Robinson was observed by Tulsa Police Officers Brockman and Kiner entering and leaving a suspected crack house located in Tulsa, Oklahoma. After leaving the house, he got into a 1983 Oldsmobile Cutlass. The police officers stopped the car because it had a broken tail light and the officers observed the car swerving left and right. Petitioner immediately jumped out of the car and started running away. Officer Kiner pursued Petitioner on foot, eventually catching up to and tackling him to the ground. A struggle ensued. Petitioner attempted to gain control of Officer Kiner's gun. When the gun was halfway out of the holster, it discharged. Officer Kiner sustained a graze wound to his hip. According to Officer

Kiner, Petitioner also hit him multiple times in the head with his flashlight before finally being subdued.

As a result of these events, Petitioner was tried by a jury in a two-stage proceeding and was convicted of one count of assault and battery with a dangerous weapon, after former conviction of two or more felonies, in Tulsa County District Court, Case No. CF-97-6056.[1]  He was represented at trial by attorney Jason Robertson, an attorney with the Tulsa Public Defender's office. The jury recommended a sentence of thirty (30) years imprisonment and a fine of $10,000.00. On January 28, 1999, the trial court sentenced Petitioner in accordance with the jury's recommendation.

Petitioner appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, Petitioner was represented by Barry Derryberry, also an attorney with the Tulsa Public Defender's office. He raised four (4) propositions of error as follows:

Proposition No. I:   Evidence of the defendant's outstanding warrants and post-arrest misrepresentation of identification was inadmissible to prove the crimes had in the altercation with Officer Kiner.

Proposition No. II:  Inadequate instructions were provided to the jury concerning the defense of resistance of unlawful arrest.

Proposition No. III: The prosecutor prejudiced the fairness of the trial by focusing the jury's attention on the victim's potential death had the shooting occurred in a manner not shown by the record evidence.

Proposition No. IV:  The evidence is insufficient to sustain one of the alleged former felony convictions found by the jury.

---

[1] Petitioner was charged with two counts. Count 1 was shooting with intent to kill, and count 2 was assault and battery with a dangerous weapon. Petitioner was acquitted on count 2 and found guilty of the lesser offense of assault and battery with a dangerous weapon on count 1. See Dkt. # 8, Tr. Trans. at 259-60; Dkt. # 7, Ex. E at 48-9 (instructions regarding lesser included offense).

(Dkt. # 7, Ex. B). On May 2, 2000, the OCCA affirmed Petitioner's conviction in an unpublished summary opinion. (Dkt. # 7, Ex. D).

Petitioner filed a *pro se* application for post-conviction relief in the state district court. See Dkt. # 7, Ex. E . He identified the following propositions of error:

| | |
|---|---|
| Proposition I: | The right against double jeopardy has been violated here when the trial court dismissed the jury after it found Petitioner guilty of count one of the information, shooting with intent to kill, and acquitted him on the lesser charge, and the court after trial, amended count one (1) to the lesser charge, he had been acquitted for. |
| Proposition II: | Trial Court allowed violation of discovery, when physical evidence, was taken and cleaned up, by the alleged victim in the case. 22 § 2001 and 2002. |
| Proposition III: | The Defense Counsel was not effective therefore denying the Sixth Amendment guarantees to criminal defendant's right to assistance of counsel. U.S.C.A. Const. Amend. 6th, 14th. |

Id. By order filed October 17, 2001, the state district court denied Petitioner's request for post-conviction relief finding the claims procedurally barred as they had not been raised on direct appeal (Dkt. # 7, Ex. H). The state court also rejected Petitioner's argument that he should be excused from the procedural bar due to the ineffectiveness of appellate counsel for failure to raise the issues on direct appeal. (Id. at 3-4). Petitioner appealed the state district court's decision. On February 5, 2002, the OCCA affirmed the denial of post-conviction relief. (Dkt. # 7, Ex. I).

Petitioner filed the instant habeas corpus action on April 15, 2002, originally listing three grounds supporting his request for relief. (Dkt. ## 1, 2). Petitioner's amendment (Dkt. # 9) replaces grounds two and three due to a clerical error in the original petition. Respondent asserts that ground one is a matter of state law and not cognizable in this habeas action, and grounds two and three are

procedurally barred. Petitioner replies that the Court should reject Respondent's arguments and grant habeas relief on the merits.

### *ANALYSIS*

**A.    Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner lists the following grounds for relief in his petition, as amended[2]:

Proposition 1:   The State entered evidence of the Petitioner's former felony convictions which was insufficient to sustain one of the alleged former convictions found by the jury.

Proposition 2:   The trial court allowed a violation of discovery when the physical evidence was taken and cleaned up by the alleged victim in this case before the defense counsel could have finger print test done to prepare for trial in violation of 22 § 2001 and 2002. Oklahoma Evidence Code.

Proposition 3:   Ineffective assistance of trial counsel.

The Respondent advises in his responses (Dkt. ## 7, 11) that Petitioner has exhausted his state court remedies as to these propositions. The Court agrees.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Michael Williams v. Taylor, 529 U.S. 420 (2000).

---

[2] By previous order (Dkt. # 10), the Court acknowledged that Petitioner's original petition contained two propositions of error that were inadvertently typed from another inmate's petition, and allowed Petitioner to substitute corrected claims in propositions two and three. Accordingly, proposition one is set forth in the original petition and brief (Dkt. ## 1, 2) and propositions two and three are set forth in the attachment to Petitioner's motion to correct pleading (Dkt. # 9).

**B.     Error in prior conviction information (Proposition One)**

Petitioner asserts in his first ground for relief that the trial court erred in admitting evidence of a prior conviction with incorrect birthdate information. This issue was raised on direct appeal and rejected by the OCCA on state law grounds. The OCCA found that "there were enough other facts to establish identity and that the possible error in the date of birth on the Judgment and Sentence went to the weight of the evidence." See Dkt. # 7, Ex. D at 2-3.

Petitioner has not claimed a federal constitutional violation in ground one. It is well established that it is not the role of a federal habeas corpus court to correct errors of state law. Estelle v. McGuire, 502 U.S. 62 (1991). Whether the interpretation and application by the Oklahoma courts of its statutes is correct or not is a matter of state law that is not actionable in a habeas proceeding. See Bond v. State of Oklahoma, 546 F.2d 1369, 1377 (10th Cir. 1976).  Furthermore, an evidentiary ruling by a state court cannot serve as the basis for habeas corpus relief unless the ruling was "so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." Fox v. Ward, 200 F.3d 1286, 1296-97 (10th Cir. 2000) (quoting Williamson v. Ward, 110 F.3d 1508, 1522 (10th Cir. 1997)); Duvall v. Reynolds, 139 F.3d 768, 789 (10th Cir. 1997); Nichols v. Sullivan, 867 F.2d 1250, 1253 (10th Cir. 1989) (citing Brinlee v. Crisp, 608 F.2d 839, 850 (10th Cir. 1979)).

In the case at hand, Petitioner complains that, during second stage punishment proceedings, the trial court erroneously allowed admission of one previous felony judgment and sentence which listed Petitioner's birthdate incorrectly. Evidence of three other prior felonies was admitted, each containing the correct date of Petitioner's birth. See Dkt. # 8, Tr. Trans. at 270-72.  After reviewing the transcript from Petitioner's entire trial, the Court finds that the trial court's admission of the

document with the incorrect birthdate was not "so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." As a result, the Court finds that Petitioner has failed to demonstrate that his trial was rendered fundamentally unfair by the admission of the evidence. Habeas corpus relief shall be denied on this claim.

**C.    Petitioner's claim of discovery violations and improper evidence is procedurally barred (Proposition Two)**

Petitioner's second proposition of error focuses on alleged violations of the Oklahoma discovery code, alleged perjured testimony by Officer Kiner, and alleged improper submission of evidence which involved chain of custody issues. Petitioner supports his claim with references to Oklahoma statutes but neglects to refer specifically to a violation of the Constitution. The allegations in proposition two were first raised by Petitioner in his post-conviction proceedings. The state district court rejected the claim on procedural grounds (Dkt. # 7, Ex. H), and the OCCA affirmed the imposition of a procedural bar, finding that "all issues not raised on direct appeal, which could have been raised, are waived." (Dkt. # 7, Ex. I). Respondent asserts that this Court should uphold the procedural bar imposed by the state courts.

The Court agrees with Respondent that Petitioner's second claim is procedurally barred. The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is

separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)).

In this case the OCCA's procedural bar is an "independent" state ground because Petitioner's failure to comply with state procedures "was the exclusive basis for the state court's holding." Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). The Court also finds that the bar imposed by the OCCA on Petitioner's claim is based on state law grounds adequate to preclude federal review. See Cannon v. Gibson, 259 F.3d 1253, 1269 (10th Cir. 2001).

As a result of the procedural bar, this Court may not consider Petitioner's claim unless Petitioner is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986); McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Petitioner does not attempt to show cause and prejudice for the procedural default of his second claim. In his reply, however, Petitioner asserts that he is actually innocent of the crime of

assault and battery with a dangerous weapon and that it would be a fundamental miscarriage of justice to allow his conviction to stand (Dkt. # 13 at 2-5). To support his contention of actual innocence, Petitioner is required to provide "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Petitioner has not provided new and reliable evidence to support his claim of actual innocence. Instead, he rehashes arguments made in his amended petition about perjured testimony and improper evidence, complains that it is common practice for the state to use a procedural bar to keep issues from being reviewed, and speculates, without any credible evidence, that race may have had an impact on the jury's decision. The Court concludes that Petitioner has failed to establish a fundamental miscarriage of justice warranting an exception to procedural bar.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result, the Court concludes that it is procedurally barred from considering the merits of Petitioner's second proposition relating to discovery and evidence issues. Coleman v. Thompson, 510 U.S. 722, 724 (1991).

**D.    Ineffective assistance of counsel claims lack merit (Proposition Three)**

For his third proposition of error Petitioner asserts that his trial counsel was ineffective for raising a self defense argument that was "about as dumb as no defense at all," for failing to object to the state's "tainted" evidence, for failing to investigate other possible defenses and possible mitigation evidence at the sentencing stage, and for making poor strategic decisions. Petitioner's ineffective assistance of trial counsel claim was raised for the first time in his post-conviction proceedings. Petitioner also asserts that his appellate counsel was ineffective for failing to raise the

ineffective assistance of trial counsel claim on direct appeal. Although the state district court found the issue of ineffective assistance of trial counsel was waived because it was not raised on direct appeal, the state district court nonetheless addressed the issue on the merits finding that Petitioner's trial counsel was effective under the standards of Strickland v. Washington, 466 U.S. 668 (1984). See Dkt. # 7, Ex. H. The OCCA in turn found the claim of ineffective assistance of trial counsel to be procedurally barred as it had not been raised on direct appeal and affirmed the state district court's finding that appellate counsel was not ineffective. See id., Ex. I. Because the issues of ineffective assistance of both trial and appellate counsel may be more easily and succinctly addressed on the merits, this Court will not address the procedural bar issue. Romero v. Furlong, 215 F.3d 1107, 1111 (10th Cir. 2000).

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court defined the two-pronged standard applicable to ineffective assistance of counsel claims: the petitioner must demonstrate that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; see also Hickman v. Spears, 160 F.3d 1269, 1273 (10th Cir. 1998). To satisfy the deficient performance prong of the test, Petitioner must overcome a strong presumption that counsel's conduct fell within the "wide range of reasonable professional assistance [that] . . . might be considered sound trial strategy." Brecheen v. Reynolds, 41 F.3d 1343, 1365 (10th Cir. 1994) (citations omitted). "A claim of ineffective assistance must be reviewed from the perspective of counsel at the time and therefore may not be predicated on the distorting effects of hindsight." Id. (citations omitted). Additionally, the focus of the first prong is "not what is prudent or appropriate, but only what is constitutionally compelled." Id. To establish the prejudice prong of the test, Petitioner must show that the allegedly deficient performance prejudiced the defense;

9

namely, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694. Petitioner has the burden of demonstrating prejudice. Id. at 696. Failure to establish either prong of the Strickland standard will result in denial of relief. Id.; Hatch v. Oklahoma, 58 F.3d 1447, 1457 (10th Cir.1995).

In assessing an ineffective assistance of appellate counsel claim, the Tenth Circuit Court of Appeals has held that "the relevant questions are whether appellate counsel was 'objectively unreasonable' in failing to raise these . . . claims on direct appeal and, if so, whether there is a 'reasonable probability that, but for his counsel's unreasonable failure' to raise these claims, [Petitioner] 'would have prevailed on his appeal.'" Neill v. Gibson, 278 F.3d 1044, 1057 (10th Cir. 2001).

Petitioner first challenges the trial attorney's strategic decisions regarding his defense. The Court has reviewed the trial transcript and finds that the attorney effectively cross-examined witnesses and argued against conviction appropriately in his closing argument. Petitioner points to no specific instance or actions by trial counsel which would indicate he did not perform his duties within the wide range of reasonable professional assistance that might be considered sound strategy. Brecheen, 41 F. 3d at 1365. Instead, Petitioner resorts to calling his counsel's strategy "dumb" and comparing him to a first year law student (Dkt. # 13 at 5). His other general accusations that his counsel failed to object to the state's "tainted" evidence, failed to investigate other possible defenses and possible mitigation evidence at the sentencing stage, and failed to make good strategic decisions are similarly unsupported by the record. Petitioner has failed to demonstrate that his trial counsel's performance was constitutionally deficient.

Having failed to demonstrate that trial counsel's performance was deficient, the Court need not examine the prejudice prong of the Strickland standard. Further, because trial counsel's performance was not ineffective, his appellate counsel was not ineffective for failing to raise the issue of trial counsel ineffectiveness on appeal. Cooks v. Ward, 165 F.3d 1283, 1296-97 (10th Cir. 1998) (counsel's failure to pursue nonmeritorious issues on appeal does not constitute ineffective assistance). Habeas relief shall be denied on Petitioner's third proposition of error.

### *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus should be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. # 1), as amended (Dkt. # 9), is **denied**. A separate Judgment shall be entered in this case.

**IT IS SO ORDERED** this 20th day of March, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT